ROYA RAHMANPOUR (SBN 285076)
*roya.rahmanpour@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:   (310) 284-3880
Facsimile:    (310) 284-3894

Attorney for Plaintiff
Logistick, Inc.

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICK, INC., | Case No.: 3:21-cv-00151-BEN-MDD |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION** |
| AB AIRBAGS, INC., | |
| Defendant. | Date:          May 24, 2021 |
| | Time:         10:30 AM |
| | Courtroom:  5A |
| | Judge:        Hon. Roger T. Benitez |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Logistick, Inc. ("Plaintiff" or "Logistick") submits this brief in opposition to the Motion to Dismiss filed by Defendant AB Airbags, Inc. ("Defendant" or "AB") (Dkt. No. 5.)

## I.    INTRODUCTION

On January 27, 2021, Plaintiff filed a complaint for three causes of action: (1) False Advertising under 15 U.S.C. §1125(a); (2) False Advertising under California Business and Professions Code §17500 *et seq*.; and (3) negligent interference with prospective economic relations under California law. (Complaint, Dkt. No. 1.) Defendant's Motion to Dismiss ("Motion") seeks to dismiss the third cause of action for allegedly failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6). However, as explained below, this Court should deny the Motion because Plaintiff has sufficiently pleaded a cause of action for negligent interference with prospective economic relations. In the alternative, if the Court is inclined to grant the Motion, it should grant Plaintiff leave to amend to Complaint, particularly because Defendant should not be allowed to sidestep responsibility for its wrongful conduct at the pleading stage.

## II.    STATEMENT OF FACTS

Plaintiff sells disposable load bars that are used to secure cargo freight when being transported. (Complaint, ¶ 7.) Defendant also manufactures and provides freight securing products. (*Id*., ¶ 2.) Defendant has been advertising for a product having similarities to Plaintiff's disposable load bars, which Defendant has been offering for sale under the name "Tuffy Brackets." (*Id*., ¶ 8 & Ex. A.) Defendant's advertisement claims that Defendant's load bars have "30% more Holding Power than similar Disposable Load Bars." (*Id*., ¶ 9.) Importantly, Defendant has acknowledged that, in making this statement, it was referring to Plaintiff's load bar products. (*Id*.) Upon information and belief, Defendant acquired one of Plaintiff's older products and performed faulty testing on the load bars in order to incorrectly claim that its product

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION**

has 30% more holding power than Logistick's disposable load bar product. (*Id.*, ¶ 11.) Thus, the advertisement is false and misleading. (*See generally*, Complaint.)

As alleged in the Complaint, Plaintiff had an ongoing business relationship with John Doe customers that probably would have resulted in a future economic benefit to Plaintiff. (*Id.*, ¶ 30.) Although the specific identities of these customers were not disclosed in the Complaint for confidentiality reasons, Plaintiff avows in the Complaint that it will disclose the customers' names upon the entry of a protective order. (*Id.*, ¶ 30, n. 1.) Additionally, Defendant knew or should have known of these ongoing business relationships between Plaintiff and John Doe customers. (*Id.*, ¶ 31.) Further, Defendant knew or should have known that these relationships would be disrupted if Defendant failed to act with reasonable care, yet  Defendant failed to act with reasonable care and engaged in wrongful conduct by making false and misleading representations of fact in its advertising and promotional materials, falsely stating that its Tuffy Brackets product has "30% more Holding Power than similar Disposable Load Bars." (*Id.*, ¶¶ 32 & 33.) Indeed, Defendant disseminated or caused to be disseminated the aforementioned false and misleading representation of fact, not only to Plaintiff's various customers across the United States, but also to the John Doe customers. (*Id.*, ¶¶ 10 & 34.) As a result, the relationship between Plaintiff and John Doe customers has been disrupted, resulting in economic harm to Plaintiff. (*Id.*, ¶¶ 35 & 36.)

## III.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations and reasonable inferences in the complaint as true and view them in the light most favorable to the nonmoving party. *Simpson v. AOL Time Warner, Inc.,* 452 F.3d 1040, 1046 (9th Cir. 2006); *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016); *see also*, *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973) (explaining that any existing ambiguities

must be resolved in favor of the pleading.)

Motions to dismiss are not favored. *See, e.g., United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981) (the accepted rule is a complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citations omitted); *see also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Rule 12(b)(6) motions are viewed with disfavor. Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*; *see also Bell v. Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969 (2007) ("Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.") Thus, the Court's task is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Roberts v. N. Am. Van Lines*, 394 F. Supp. 2d 1174, 1178 (N.D. Cal. 2004).

In short, "[d]etermining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc*., 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).) As discussed below, under the correct legal standard, AB's motion fails.

## IV.  <u>PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS</u>

The tort of negligent interference with prospective economic relations "imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (2007). The elements of negligent

3

interference with prospective economic relations are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge (actual or construed) of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) resulting economic harm. *Nelson v. Tucker Ellis, LLP*, 48 Cal. App. 5th 827, 844, n.5 (2020). Notably, Defendant does not contest that Plaintiff's allegations are sufficient to satisfy the fourth element i.e. that Defendant failed to act with reasonable care (Motion, Dkt. No. 5-1 at 2:10-16 & 3:25-4:4) and all other elements are sufficiently pleaded.

### A. The Complaint Adequately Alleges that Plaintiff Had Valid Economic Relationships with Third Parties

The Complaint alleges that Plaintiff had business relationships with certain John Doe customers that probably would have resulted in a future economic benefit to Plaintiff because the relationships were of an ongoing nature. (Complaint, ¶ 30.) Although Plaintiff does not specifically name these third party customers because of confidentiality reasons, the Complaint confirms that Plaintiff will disclose the customers' names upon the entry of a protective order. (*Id*., ¶ 30, n. 1.) Further, it is evident from the Complaint that these customers were consumers of Plaintiff's disposable load bars that compete with Defendant's Tuffy Brackets product. (*See, e.g., id*, ¶ 25.) Thus, Plaintiff has provided sufficient allegations to satisfy the first element of a negligent interference with prospective economic relations cause of action.

Defendant asserts, without authority, that the first element of the negligent interference claim is deficient because Plaintiff did not name "who it had economic relationships with." (Motion at 4:17.) ***Not so***. Case law establishes that a complaint for negligent interference with prospective economic relations need not name the specific third party at issue. *See R Power Biofuels, LLC v. Chemex LLC,* No. 16-CV-00716-LHK, 2016 WL 6663002, at *16 (N.D. Cal. Nov. 11, 2016) (explaining that a claim for

interference with a prospective economic advantage does not require a plaintiff to provide the actual name of the specific third party at issue) (citing *Ramona Manor Convalescent Hosp. v. Care Enterps.*, 177 Cal. App. 3d 1120, 1132-33 (1986)); *Mussnich v. Teixeira*, No. 2:20-CV-09679-MCS-AS, 2021 WL 1570832, at *5 (C.D. Cal. Feb. 23, 2021) (explaining that, at the pleading stage, the negligent interference allegations in the pleading need not name the third parties at issue); *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211, 1219 (E.D. Cal. 2004) (same holding in the context of an intentional interference claim, which shares the same first element); *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-CV-00393MCEKJM, 2008 WL 783347, at *11 (E.D. Cal. Mar. 20, 2008) (denying defendant's motion to dismiss and rejecting defendant's argument that the plaintiff needed to identify specific prospective customers with which it had a relationship). In *Code Rebel, LLC v. Aqua Connect, Inc.*, for example, the court found that the plaintiff had sufficiently pled the first element of a negligent interference claim by alleging that an economic and business relationship existed between Plaintiff and its actual and prospective customers of the iRAPP programs. No. CV 13-4539 RSWL MANX, 2013 WL 5405706, at *6-7 (C.D. Cal. Sept. 24, 2013). Although the plaintiff did not specifically identify existing third parties with whom there was an existing economic or business relationship, the court found the plaintiff's allegation of interference with "actual and potential customers" to be sufficient to satisfy federal pleading requirements and thus denied the defendant's motion to dismiss with respect to the negligent interference claim. *Id*. Here, as set forth above, Plaintiff has provided sufficient facts to support that economic and business relationships existed between Plaintiff and its John Doe customers. This Court should therefore reject Defendant's unsubstantiated argument that anything further is required.

In addition to its baseless assertion that Plaintiff should have pled the John Doe customers' names, Defendant presents a straw-man argument with respect to the first element of the negligent interference claim. Specifically, Defendant mischaracterizes the Complaint as "just" alleging that Plaintiff generically "has customers" (Motion at 4:24-

26) then citing to various cases to find fault with Defendant's own mischaracterized recitation of factual allegations. (Motion at 4:27-5:18.) However, the cases on which Defendant relies are inapplicable or distinguishable given the actual allegations of the Complaint. Unlike the third party relationships at issue in *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) and *Damabeh v. 7-Eleven, Inc.*, No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *10 (N.D. Cal. May 8, 2013), for example, Plaintiff's relationship with the John Doe customers does not entail a speculative hope of a vague class of future customers but rather Plaintiff's actual ongoing customers with whom Defendant interfered.  (Complaint, ¶ 30.) In other words, Plaintiff had actual and existing economic relationships with the John Doe customers and not just merely a speculative hope of future transactions.

In sum, Plaintiff has alleged sufficient facts regarding valid economic relationships with third parties that would support a claim upon which relief can be granted. As such, this Court should reject Defendant's motion to dismiss Plaintiff's third cause of action on this basis.

**B.** <u>**The Complaint Adequately Alleges that Defendant Had Knowledge of Plaintiff's Relationships and that its Conduct Would Disrupt These Relationships**</u>

A claim for negligent interference with prospective economic relations requires that defendant have knowledge (actual or construed) of the relationship and that the relationship would be disrupted if the defendant failed to act with reasonable care. *Nelson*, 48 Cal. App. 5th at 844, n.5 (2020) (second and third elements of cause of action). Defendant's argument that Plaintiff has not pled these elements lacks merit.

The case of *Code Rebel, LLC v. Aqua Connect, Inc*. is illustrative. There, the court found that the plaintiff had sufficiently pled the necessary facts to support the elements of its negligent interference claim. In particular, as to the second element, the plaintiff maintained that as a direct competitor of the plaintiff, the defendant knew, or should have known of plaintiff's third party economic relationships. No. CV 13-4539

RSWL MANX, 2013 WL 5405706, at *6-7 (C.D. Cal. Sept. 24, 2013). As to the third element, the plaintiff alleged facts that—given that defendant was plaintiff's direct competitor—defendant knew, or should have known, that if it did not act with due care, its actions would interfere with plaintiff's economic relationships at issue. *Id.* There, the defendant interfered by defaming and disparaging the plaintiff's iRAPP programs and plaintiff itself. Accordingly, because the plaintiff pled sufficient facts for a claim of negligent interference with prospective economic advantage, the court denied defendant's motion to dismiss that claim. *Id.*

Likewise, here, the Complaint reflects that Plaintiff and Defendant are competitors who both offer freight securing products, including disposable load bars. (Complaint, ¶¶ 2, 7, 15, & 25.) The Complaint further alleges that Defendant knew or should have known of the relationship between Plaintiff and its John Doe customers. (*Id.*, ¶ 31.) Indeed, Defendant disseminated or caused to be disseminated[1] the advertisement raised in the Complaint to the John Doe customers, said advertisement contending that Defendant's load bars have "30% more Holding Power than similar Disposable Load Bars." (*Id.*, ¶¶ 9, 34 & Ex. A) Contrary to Defendant's comment that "[t]here is absolutely no reference to Plaintiff in Defendant's advertisement" (Motion at 7:20-21), Defendant has acknowledged that, in making the statement that Defendant's load bars have "30% more Holding Power than similar Disposable Load Bars," it was referring to Plaintiff's load bar products. (Complaint, ¶ 9.) Even further, the Complaint alleges that Defendant acquired one of Plaintiff's older products and performed faulty testing on the load bars in order to incorrectly claim that its product has 30% more holding power than Logistick's disposable load bar product. (*Id.*, ¶ 11.) Indeed, Defendant knew or should have known that Plaintiff's relationships with the John Doe customers would be

---

[1] Such dissemination is sufficient to plead the knowledge elements. *See Madsen v. Buffum*, No. ED1201605MWFSPX, 2013 WL 12139139, at *3 (C.D. Cal. July 17, 2013) (finding that the plaintiff adequately pled the knowledge element where he alleged that "Defendants have directed their communications to [the third parties at issue in that case.]")

disrupted if Defendant failed to act with reasonable care—and it failed to act with reasonable care by making false and misleading representations of fact in its advertising and promotional materials, stating that its Tuffy Brackets product has "30% more Holding Power than similar Disposable Load Bars." (*Id.*, ¶¶ 32 & 33.) Overall, the Complaint here alleges as much, if not more, facts as what the *Code Rebel, LLC* court deemed adequate to satisfy the second and third elements of a negligent interference claim. As such, this Court should deny Defendant's motion to dismiss this claim.

### C. The Complaint Adequately Alleges that Defendant's Conduct Disrupted the Relationships at Issue, Resulting in Harm to Plaintiff

A negligent interference claim also requires actual disruption of plaintiff's relationship with a third party and resulting economic harm. *Nelson*, 48 Cal. App. 5th at 844, n.5 (2020) (fifth and sixth elements of cause of action). Defendant's argument that Plaintiff has not pled these elements is also meritless.

Again, the case of *Code Rebel, LLC v. Aqua Connect, Inc.* is illustrative. In concluding that the fifth and sixth elements of a tortious interference claim were sufficiently pled, the court there accepted the plaintiff's allegation that its relationships with actual and potential customers were disrupted and reasoned that "[t]he court can draw the inference, although not specifically pleaded, that as a direct competitor of Plaintiff, Defendant's [disparaging] statements adversely affected the potential customers' willingness to purchase Plaintiff's products."  No. CV 13-4539 RSWL MANX, 2013 WL 5405706, at *6-7 (C.D. Cal. Sept. 24, 2013). The *Code Rebel, LLC* court also reasoned "although not specifically pleaded, the Court can infer that as a direct competitor, Defendant's statements caused economic damage to the extent that potential customers were less willing to purchase products from Plaintiff after hearing Defendant's statements." *Id*. Accordingly, the court there denied the defendant's motion to dismiss the negligent interference claim in that case.

Here, similar to as in *Code Rebel, LLC*, the Complaint reflects that Plaintiff and Defendant are competitors who both offer freight securing products, including

disposable load bars. (Complaint, ¶¶ 2, 7, 15, & 25.) Defendant's false and misleading statement improperly influences consumers to purchase Defendant's product instead of competing products such as those offered by Plaintiff. (*Id.*, ¶¶ 15 & 25.) The Complaint further provides that as a result of Defendant's false advertising and misleading statement, the previously ongoing relationship between Plaintiff and John Doe customers has been disrupted, resulting in economic harm to Plaintiff. (*Id.*, ¶¶ 30, 35 & 36.) These allegations sufficiently plead and put Defendant on notice of Plaintiff's negligent interference claim. At minimum, these allegations allow this Court to draw the inference that Defendant's conduct disrupted Plaintiff's relationships and caused economic harm.

Defendant's reliance on *Sybersound Recordings, Inc. v. UAV Corp.* is misplaced. In that case, the court found fault that the complaint lacked further context regarding disruption of the relationships at issue there and suggested that the plaintiff could elaborate if "*for example*" it had lost a contract or had a negotiation with a customer fail. *Sybersound Recordings, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (emphasis added). It is not, however, necessary for a plaintiff to allege these example facts if there is otherwise enough allegations and context regarding the harm to plaintiff. Further, "[d]etermining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). This Court, like the *Code Rebel, LLC* court, should deny the motion to dismiss based on the allegations of the Complaint as well as the overall context, judicial experience, and common sense.

## V.   IF THE COURT IS INCLINED TO GRANT THE MOTION TO DISMISS, IT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

Even if this Court deems Plaintiff's third cause of action to be defective, it should afford Plaintiff an opportunity to amend the complaint. *Public Utility Dist. No. 1 of Grays Harbor County Wash. v. IDACORP Inc.,* 379 F.3d 641 (9th Cir. 2004). When

9

granting a Rule 12(b)(6) motion to dismiss, the court has broad discretion to decide whether to grant leave to amend. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), *abrogated on other grounds*. Federal Rules of Civil Procedure Rule 15(a) expressly states that leave to amend "shall be freely given when justice so requires." *See also Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983) (finding an abuse of discretion re denial of leave to amend).

Here, Plaintiff asserts that the motion to dismiss should be denied. However, if the Court is inclined to grant that motion, Plaintiff requests that it be granted with leave to amend.

## VI.    **CONCLUSION**

For the reasons stated herein, this Court should deny AB's motion to dismiss in its entirety.

Dated:  May 10, 2021            **BARNES & THORNBURG LLP**

By:              */s/ Roya Rahmanpour*
                 Roya Rahmanpour
                 Attorney for Plaintiff
                 Logistick, Inc.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 10, 2021, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing.

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 300, Los Angeles, California 90067.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2021, at Los Angeles, California.

<u>/s/ Roya Rahmanpour</u>
Roya Rahmanpour

**CERTIFICATE OF SERVICE**